MEMORANDUM OPINION

No. 04-06-00839-CR

Albert Floyd PROVENS,

Appellant

v.


The STATE of Texas,

Appellee

From the 186th Judicial District Court, Bexar County , Texas

Trial Court No. 2005-CR-8195A

Honorable Teresa He rr, Judge Presiding





PER CURIAM

 

Sitting: Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice



Delivered and Filed: February 7, 2007 



DISMISSED



 Pursuant to a plea bargain agreement, appellant, Albert Floyd Provens, pled nolo contendere to aggravated robbery. On
October 13, 2006, the trial court imposed sentence and signed a certification of defendant's right to appeal stating this "is a
plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2). After appellant filed his
notice of appeal, the court clerk sent copies of the certification and notice of appeal to this court. See Tex. R. App. P.
25.2(e). 

 Appellant filed a pro se notice of appeal "based on a jurisdictional defect." See Tex. R. App. P. 25.2(a)(2) (in a plea
bargain case, a defendant may appeal only those matters raised in a written motion ruled on before trial or after obtaining
the trial court's permission to appeal). Appellant notes the trial court did not grant him permission to appeal. The clerk's
record contains a written plea bargain agreement, and the punishment assessed did not exceed the punishment
recommended by the State and agreed to by the appellant; therefore, the trial court's certification accurately reflects that
appellant's case is a plea bargain case and he does not have a right of appeal. See Tex. R. App. P. 25.2(a)(2). Rule 25.2(d)
provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been
made part of the record under these rules." Tex. R. App. P. 25.2(d). Accordingly, on December 18, 2006, this court issued
an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that
shows appellant has the right of appeal was made part of the appellate record. See Daniels v. State,110 S.W.3d 174 (Tex.
App.--San Antonio 2003, order); Tex. R. App. P. 25.2(d); 37.1. No amended trial court certification has been filed;
therefore, this appeal is dismissed.



 PER CURIAM

DO NOT PUBLISH